MIE 472 (Rev. 06/15) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

FILED
OCT 07 2015
CLERK'S OFFICE
U.S. DISTRICT COURT

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 15-30470 |
| John Mugenyi | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

### Part I—Findings of Fact

**A. Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☐ (1) Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

  ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed; **or**

  ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**

  ☐ (c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C.; **or**

  ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more state or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

  ☐ (e) any felony that is not otherwise a crime of violence but involves:

    ☐ (i) a minor victim; **or**

    ☐ (ii) the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **or**

    ☐ (iii) any other dangerous weapon; **or**

    ☐ (iv) involves a failure to register under 18 U.S.C. § 2250.

☑ (2) Under 18 U.S.C. § 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

  ☑ (a) a serious risk that such person will flee; **or**

  ☐ (b) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

MIE 472 (Rev. 06/15) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

**B. Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

- [ ] (1) Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)): A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

    (a) Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

    (b) The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

    (c) A period of less than five years has elapsed since

    - [ ] (i) the date of conviction; **or**
    - [ ] (ii) Defendant's release from prison.

- [ ] (2) Probable Cause Findings (18 U.S.C. § 3142 (e)(3)): A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

    - [ ] (a) for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C.; **or**

    - [ ] (b) under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

    - [ ] (c) listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the maximum prison term of ten years or more is prescribed; **or**

    - [ ] (d) under Chapter 77 of Title 18, U.S.C., for which a maximum term of imprisonment of twenty years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

    - [ ] (e) involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

## Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes

- [ ] by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

- [x] by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

- [ ] both of the above.

MIE 472 (Rev. 06/15) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

**Statement of reasons for detention pursuant to 18 U.S.C. § 3142(i):**

The evidence demonstrates that the defendant makes use of aliases in order to evade detection and hide his identity, which in turn has led the government to have different A-file numbers for him. The evidence further demonstrates prior and repeated false claims of US citizenship and lack of respect on the defendant's part with regard to law enforcement and abiding by instructions received from government officials. The defendant has an ICE detainer in place due to his immigration status. Defendant lacks status to be in United States. Pretrial services are unable to verify the defendant's information. Defendant is unable to work, due to his immigration status, and therefore cannot comply with terms of release or afford to return to this District from Boston, Massachusetts, the only part of the United States to which he claims to have any ties. Although Defendant was married to a US citizen, they are now divorced. He has no current ties to the Eastern District of Michigan, although he went to school here some time ago. Even though he at one time apparently had property in the United States, he no longer does. Although his counsel argues that he has nonspecific "ties"to the United States, no particulars were supplied to the Court. Although defendant claims that he has "friends" who could assist him in getting back to the Eastern District of Michigan from Boston Massachusetts for court appearances, these people remain unidentified, and their trustworthiness or ability to assist him in complying with the terms of release cannot be confirmed or corroborated. Given the defendant's lack of ties to this District, lack of ties to the United States, use of deceptive practices to avoid detection and identification, and significant incentive to flee, and taking into consideration and balancing all of the factors set forth at 18 U.S.C. 3142(g), there are no conditions or combination of conditions that can reasonably assure his appearance. Additionally, any reasons stated on the record in Court are hereby incorporated by this reference.

### Part III—Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. §3145 and E.D. Mich. L.R. 57.2.

Date: October 7, 2015

**ANTHONY P. PATTI**

*Judge's Signature*

Anthony P. Patti, United States Magistrate Judge

*Name and Title*